IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| LAMONT McFARLAND | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 9:09cv46 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Lamont McFarland, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of disciplinary action taken against him during his confinement in the Texas penitentiary. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

McFarland complained of disciplinary action he received in which he was accused of possession of a cell phone. As punishment, he was reduced in classification status and forfeited 730 days of good time credits. McFarland acknowledged that he was not eligible for release on mandatory supervision, but argued that he was denied due process and equal protection, that witness statements against him had been fabricated, the evidence against him was insufficient to support a conviction, and he was subjected to cruel and unusual punishment.

After review of the pleadings, the Magistrate Judge issued a Report on March 27, 2009, recommending that the petition be dismissed because McFarland had failed to show the infringement of a constitutionally protected liberty interest. McFarland filed objections to the Report on April 8,. 2009.

1

In his objections, McFarland argues first that he was deprived of due process protections as set forth in Wolff v. McDonnell, 418 U.S. 539 (1974). Although he says that these protections apply to all inmates, regardless of eligibility for mandatory supervision, this is simply incorrect. Malchi v. Thaler, 211 F.3d 953, 958-59 (5th Cir. 2000). The Magistrate Judge properly determined that McFarland's classification status did not implicate a protected liberty interest and that because he is not eligible for release on mandatory supervision, the loss of good time credits likewise did not implicate a protected liberty interest.

Next, McFarland argues that the fabrication of the evidence against him was "atypical" and that it has created significant hardships beyond the ordinary incidents of prison life, saying that he has been "subjected to a criminal offense." He then contends that the Supreme Court has held that the Due Process Clause applies to children as well as adults and that he was denied the right to call witnesses, which violated fundamental fairness.

As the Magistrate Judge explained, the procedural protections of Wolff are triggered when the punishment imposed in the disciplinary case implicates a constitutionally protected liberty interest. That is not the case here - McFarland's contention concerning the alleged fabrication of evidence against him does not relate to the punishment imposed nor show that this punishment implicated a protected liberty interest. To the extent that McFarland may be facing criminal charges, this was not a punishment imposed by the disciplinary case. Any such charges would most likely implicate protected liberty interests, and so if McFarland sustains a criminal conviction over this incident, he is free to challenge such a criminal conviction though the federal habeas corpus procedures at the appropriate time; however, he has not shown that the disciplinary proceeding, which is not criminal in nature, implicates any protected liberty interests. His objection on this ground is without merit.

McFarland next argues that his access to the law library has been limited, apparently as a result of the criminal charges brought against him. Even were this the case, this would not show that the disciplinary proceeding violated any constitutionally protected liberty interests, because neither

2

the criminal charges nor the restriction of access to the law library would have been the result of the disciplinary case which McFarland is challenging in this petition. Furthermore, the Court notes that the exhibit submitted by McFarland does not substantiate his allegation; this document shows that he was denied access to two law books because they were too old, not because he was facing criminal charges or because of this disciplinary case.

Finally, McFarland appears to contend that while the Magistrate Judge examined whether or not he had a "liberty" interest, she did not consider whether he had a "life" or "property" interest which was infringed by the disciplinary case. This argument is purely semantic; the Fifth Circuit has specifically held that the deprivation of a constitutionally protected liberty interest must be shown in order to trigger the procedural protections of Wolff v. McDonnell, and McFarland has not shown such a deprivation. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this case, together with the Report of the Magistrate Judge and the Petitioner's objections thereto. Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. The dismissal of this habeas corpus application, and the denial of a certificate of appealability, shall have no effect upon McFarland's right to challenge any criminal conviction which he may receive concerning this incident in the courts of the State of Texas, including but not limited to seeking federal habeas corpus relief at the appropriate time. It is further

ORDERED that the Petitioner Lamont McFarland is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

So **ORDERED** and **SIGNED** this **16** day of **April, 2009.**

_____
Ron Clark, United States District Judge